UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUDY BEERMAN and THOMAS
BEERMAN, Wife

    Plaintiffs,

v.

Case No: 2:17-cv-326-FtM-99CM

SUPPORT DOGS, INC.,

    Defendant/Third
    Party Plaintiff

SUSAN BLUEHS,

    Third Party Defendant.
_____/

## ORDER

This matter comes before the Court upon review of the Motion for Entry of Clerk's Default Against Third-Party Defendant Susan Bluehs and Memorandum of Law in Support of Motion (Doc. 25) filed on August 9, 2017. Plaintiff seeks a Clerk's entry of default as to Third Party Defendant Susan Bluehs. Doc. 25. On August 8, 2017, Third Party Plaintiff filed a Return of Service.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ.

P., the party effecting service shall promptly apply to the Clerk for entry
of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Here, the Return of Service states that on July 7, 2017, a process server personally served Susan Bluehs by delivering a true copy of the Summons and Complaint at the address of 800 Casa Ybel Rd. #7, Sanibel, Florida 33957. Doc. 22.

Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Rule 4(e)(2) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Susan Bluehs has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Motion for Entry of Clerk's Default Against Third-Party Defendant Susan Bluehs and Memorandum of Law in Support of Motion (Doc. 25) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's default against Third Party Defendant Susan Bluehs.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record